# 2025 CV 00316 WHIPPLE, SHRONNA -vs- NORTHEAST OHIO CORRECTIONAL CENTER et al AMD

- Case Type:
- Civil - Common Pleas
- Case Status:
- OPEN
- File Date:
- 02/06/2025
- DCM Track:
- 
- Action:
- OTHER CIVIL
- Status Date:
- 02/06/2025
- Case Judge:
- D'APOLITO, ANTHONY M
- Next Event:

| All Information | Party | Docket | Financial | Receipt | Financial Dockets | Disposition |

## Docket Information

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 02/06/2025 | DEPOSIT RECEIVED | DEPOSIT RECEIVED  Receipt: 517114  Date: 02/06/2025 | $35.00 | |
| 02/06/2025 | COMPLAINT FILED | COMPLAINT FILED  Receipt: 517114  Date: 02/06/2025 | $25.00 | |
| 02/06/2025 | LEGAL AID (TOSCV) FILED | LEGAL AID (TOSCV) FILED  Receipt: 517114  Date: 02/06/2025 | $26.00 | |
| 02/06/2025 | LEGAL NEWS | LEGAL NEWS  Receipt: 517114  Date: 02/06/2025 | $13.00 | |
| 02/06/2025 | COURT COMPUTER RESEARCH (CIVIL) | COURT COMPUTER RESEARCH (CIVIL)  Receipt: 517114  Date: 02/06/2025 | $6.00 | |
| 02/06/2025 | CLERK COMPUTERIZATION FEE (CIVIL) | CLERK COMPUTERIZATION FEE (CIVIL)  Receipt: 517114  Date: 02/06/2025 | $20.00 | |
| 02/06/2025 | CV-COURT MEDIATION PROGRAM | CV-COURT MEDIATION PROGRAM  Receipt: 517114  Date: 02/06/2025 | $40.00 | |
| 02/06/2025 | CV-SPECIAL PROJECTS FUND | CV-SPECIAL PROJECTS FUND  Receipt: 517114  Date: 02/06/2025 | $50.00 | |
| 02/06/2025 | CV-TECHNOLOGY FUND | CV-TECHNOLOGY FUND  Receipt: 517114  Date: 02/06/2025 | $10.00 | |
| 02/06/2025 | COMPLAINT FILED ELECTRONICALLY | COMPLAINT FILED ELECTRONICALLY COMPLAINT ::  :: On behalf of  Plaintiff: SHRONNA WHIPPLE :: Filed By: FRANK L CASSESE | | Image |
| 02/06/2025 | COPIES ISSUED | COPIES ISSUED: ADDITIONAL COSTS ADDED FOR SERVICE COPIES | $2.00 | |
| 02/11/2025 | SUMMONS, COPY OF COMPLAINT | SUMMONS, COPY OF COMPLAINT MAILED BY CERTIFIED MAIL TO DEFTS | $8.00 | |
| 02/11/2025 | CERTIFIED MAILER NUMBER P | Issue Date:  02/11/2025<br>Service:  CIVIL SUMMONS<br>Method:  (CP) CERTIFIED MAIL<br>Cost Per:  $0.00<br><br>NORTHEAST OHIO CORRECTIONAL CENTER<br>2240 HUBBARD ROAD<br>YOUNGSTOWN, OH   44505<br>Tracking No: 9414726699044222586037<br><br>CORECIVIC INC<br>C/O STATUTORY AGENT | $32.68 | |

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| | | CT 4400 EASTON COMMONS WAY<br>COLUMBUS, OH 43219<br>Tracking No: 9414726699904222586038<br><br>CORECIVIC OF TENNESSEE LLC<br>C/O STAT AGT-CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY<br>SUITE 125<br>COLUMBUS, OH 43219<br>Tracking No: 9414726699904222586039 | | |
| 02/18/2025 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method : (CP) CERTIFIED MAIL<br>Issued : 02/11/2025<br>Service : CIVIL SUMMONS<br>Served : 02/14/2025<br>Return : 02/18/2025<br>On : NORTHEAST OHIO CORRECTIONAL CENTER<br>Signed By : UNKNOWN<br><br>Reason : (CP) SUCCESSFUL<br>Comment :<br><br>Tracking #: 9414726699904222586037 | | |



**CT Corporation**
**Service of Process Notification**
02/13/2025
CT Log Number 548405463

## Service of Process Transmittal Summary

**TO:** Ann Parker, Senior Director, Litigation & Risk Mgmt.
Corecivic
5501 VIRGINIA WAY, SUITE 101
BRENTWOOD, TN 37027

**RE:** Process Served in Ohio

**FOR:** CoreCivic, Inc.  (Domestic State: MD)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SHRONNA WHIPPLE // To: CoreCivic, Inc. |
| **CASE #:** | 2025CV00316 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Columbus, OH |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 02/13/2025 |
| **JURISDICTION SERVED:** | Ohio |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Ann Parker  ann.parker@corecivic.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 4400 Easton Commons Way |
| | Suite 125 |
| | Columbus, OH 43219 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IF UNDELIVERABLE
MICHAEL P. CICCONE
Mahoning County Clerk of Courts
120 MARKET STREET, YOUNGSTOWN, OHIO 44503-1756



9414 7266 9904 2225 8603 89

FIRST-CLASS

US POSTAGE ™ PITNEY BOWES

ZIP 44503 $ 009.92⁰
02 7W
0008031327 FEB. 11. 2025

2025 CV 00316
9414 7266 9904 2225 8603 89

CORECIVIC INC
C/O STATUTORY AGENT
CT 4400 EASTON COMMONS WAY
COLUMBUS, OH 43219

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

# SUMMONS ON COMPLAINT

Rule 4 Ohio Rules of Civil Procedure

------=========*=========------

Case No. 2025 CV 00316

| | | |
|---|---|---|
| SHRONNA WHIPPLE | -vs- | NORTHEAST OHIO CORRECTIONAL CENTER |
| 1033 ORANGE AVENUE | | 2240 HUBBARD ROAD |
| YOUNGSTOWN, OH 44502 | | YOUNGSTOWN, OH 44505 |

TO: **CORECIVIC INC**   **C/O STATUTORY AGENT**
**CT 4400 EASTON COMMONS WAY**
**COLUMBUS, OH 43219**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff('s') attorney is as follows:

FRANK L CASSESE ESQ
6630 SEVILLE DR.
CANFIELD OH 44406

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Michael P. Ciccone
Mahoning County Clerk of Courts

February 11, 2025

By: N. Dascenzo
Deputy Clerk

Summons issued to additional defendants:

    NORTHEAST OHIO CORRECTIONAL CENTER
    CORECIVIC OF TENNESSEE LLC

ELECTRONICALLY FILED
2025 Feb 06 PM 3:38
Michael P. Ciccone, CLERK OF COURT - MAHONING

# IN THE COURT OF COMMON PLEAS
# MAHONING COUNTY, OHIO

| | |
|---|---|
| **SHRONNA WHIPPLE**<br>1033 Orange Avenue<br>Youngstown, Ohio 44502<br><br>Plaintiff,<br><br>v.<br><br>**NORTHEAST OHIO CORRECTIONAL CENTER**<br>2240 Hubbard Road<br>Youngstown, Ohio 44505<br><br>**CORECIVIC, INC.**<br>c/o Statutory Agent<br>CT 4400 Easton Commons Way,<br>Columbus, Ohio 43219<br><br>**CORECIVIC OF TENNESSEE, LLC**<br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way,<br>Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>**JOHN/JANE DOE NOS. 1-10**<br>*True Names and Addresses Unknown*<br><br>Defendants. | CASE NO. 25 CV316<br><br>JUDGE: Anthony D'Apolito<br><br>**COMPLAINT**<br><br>**NEGLIGENCE, AND EMPLOYER INTENTIONAL TORT PURSUANT TO *O.R.C. 2745.01***<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**INSTRUCTIONS FOR SERVICE** |

Now comes Plaintiff, Shronna Whipple, by and through undersigned counsel, and for her Complaint hereby states as follows:

**2025 CV 00316**

## PARTIES

1. Plaintiff Shronna Whipple ("Whipple") is an individual who, at all times relevant to this Complaint, resided in Mahoning County, State of Ohio.

2. At all times relevant to this Complaint, Defendant Northeast Ohio Correctional Center ("NEOCC") was and is a privately owned and operated and/or non-governmental correctional center and/or jail. NEOCC is located at 2240 Hubbard Road, Youngstown, Ohio 44505 ("Facility") and affiliated, operated, and/or controlled as a joint venture with all Defendants referenced herein.

3. At all times relevant to this Complaint, Defendant Corecivic Inc. ("Corecivic") was and is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the State of Ohio, which operates the Facility. Corecivic owned, operated, and/or controlled NEOCC and is responsible for the actions and/or inactions that led to Whipple's significant personal injuries.

4. At all times relevant to this Complaint, Defendant Corecivic of Tennessee, LLC ("Tennessee") was and is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the State of Ohio, which operates the Facility. Tennessee owned, operated, and/or controlled Corecivic and/or NEOCC and is responsible for the actions and/or inactions that led to Whipple's significant personal injuries.

5. Plaintiffs are informed and believe and thereon allege that the fictitiously named Defendants sued as John/Jane Does Nos. 1-10 (hereinafter referred to as "John/Jane Does1-10") are persons, partnerships or corporations whose identity could not be readily ascertained despite the exercise of due diligence, but whose conduct contributed to the

injury of Plaintiffs. Plaintiffs will amend or supplement this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained.

6. All references and/or allegations, and/or all Counts of this Complaint pertain to Defendants and/or their employees, agents, servants and/or contractors.

**FACTUAL BACKGROUND**

7. Whipple restates and realleges each and every allegation contained above as if expressly rewritten herein.

8. At all times material herein, Whipple was employed as a corrections officer at the Facility.

9. Whipple's duties included, but were not limited to, the supervision of inmates and residents in the facility's housing units.

10. From the time Whipple began as a corrections officer at the facility to the date of the attack referenced herein, the facility often operated without adequate staffing support.

11. Facility-wide staffing and safety concerns in the Facility were documented in multiple reports by the Correctional Institution Inspection Committee ("CIIC").

12. An April 2022 inspection report of the NEOCC, the Correctional Institution Inspection Committee generated a report that showed an 18.1% increase in inmates who reported being threatened or harassed by other inmates in the facility ("CIIC 2022 Report").

13. The CIIC 2022 Report further noted that offenders were observed loitering in the

hallways for extended periods of time.

14. NEOCC leadership blamed the design of the building for the loitering and congregation of offenders, stating that staff offices are located in hallways and offenders are waiting to be seen.

15. The CIIC 2022 Report showed that NEOCC staff surveys were mostly negative with most staff expressing concerns regarding staff retention and communication.

16. The CIIC 2022 Report showed that NOCC staff rated the safety of the staff as "seldom" occurring.

17. The CIIC 2022 Report showed that supervisory staff shared the same safety concerns as the subordinate staff.

18. After a 2023 inspection of the NEOCC, the Correctional Institution Inspection Committee generated a report that showed an 43.4% increase in inmates who reported being threatened or harassed by other inmates in the facility ("CIIC 2023 Report).

19. The CIIC 2023 Report showed that offenders were observed entering units and pods without proper assignment, and staff had to redirect those offenders to proper areas.

20. The CIIC 2023 Report showed that executive staff failed to meet their monthly and weekly rounds and responsibilities for the two months prior to the inspection.

21. The CIIC 2023 Report showed that NEOCC staff surveys were overwhelmingly negative with staff expressing concerns regarding staff retention and communication.

22. The CIIC 2023 Report showed that NEOCC staff rated the safety of the staff as "seldom" occurring.

23. The CIIC 2023 Report showed that staff rated the occurrence of policy and procedure being followed as "seldom".

24. The CIIC 2023 Report showed that staff rated the occurrence of employee discipline consistency as "seldom".

25. As part of the Facility's policy, staff members at the Facility are not to be isolated with inmates for extended periods of time.

26. Despite these policies and well documented safety concerns, on or about February 8, 2024, Whipple and another female staff member, were isolated with three (3) male inmates, including Ronald Rendon-Luna ("Rendon-Luna").

27. While Whipple and her fellow female staff member were isolated with the inmates, Rendon-Luna became irate regarding an incident that occurred with another inmate at the Facility.

28. Without warning, Rendon-Luna suddenly and violently attacked Whipple and a fellow female staff member.

29. Whipple attempted to call for backup to assist in stopping the violent attack.

30. Despite Whipple's attempts to call for backup, Whipple's request for help were not timely answered.

31. The above referenced failures allowed Rendon-Luna to continue his brutal attack on Whipple.

32. As a direct and proximate result of the attack, Whipple suffered significant personal injuries, including, but not limited to a severe head injury, compression fracture of the cervical spine, cerebral concussion with loss of consciousness, and lumbar sprain.

## COUNT I
**(Negligence/Recklessness – Against NEOCC, Corecivic and Tennessee)**

33. Whipple restates and realleges each and every allegation contained above as if expressly rewritten herein.

34. NEOCC, Corecivic, and/or Tennessee owed Whipple, a duty to exercise ordinary care and to maintain a reasonably safe work environment.

35. Further, NEOCC, Corecivic, and/or Tennessee owed Whipple a duty to refrain from conduct that would foreseeably harm Whipple.

36. NEOCC, Corecivic, and/or Tennessee were negligent and/or reckless in that it breached the aforementioned duties owed to Whipple in that NEOCC, Corecivic, and/or Tennessee failed to follow their own safety protocols, their own policy and procedures manual, failing to adequately staff the Facility, failed to train its agents, employees, contractors and/or servants and implement appropriate safety procedures, and failed to provide appropriate safety measures.

37. As a direct and proximate cause of Defendants' negligence and/or recklessness, Whipple suffered personal injuries, was required to seek medical care, suffered great pain of mind and body, incurred financial obligations, including economic loss, lost wages, as well as other injury, damage and loss, all of which will continue into the future.

38. Whipple's injuries are permanent in nature.

## COUNT II
**(Employer Intentional Tort – Against NEOCC, Corecivic and Tennessee)**

39. Whipple restates and realleges each and every allegation contained above as if

expressly rewritten herein.

40. NEOCC, Corecivic, and/or Tennessee's failure to their own safety protocols, their own policy and procedures manual and failing to adequately staff the Facility was done with the intent to injure the Plaintiff or with the knowledge that the conduct was substantially certain to cause injuries to the Plaintiff.

41. Said failure was the direct cause of the Plaintiff's severe injuries.

42. Said failure also constitutes a deliberate misrepresentation which create a rebuttable statutory presumption that said misrepresentation was committed with the intent to injure another when an injury occurs as a direct result.

43. Said misrepresentation of was a direct cause of the Plaintiff's severe injuries.

44. As a direct and proximate cause of the statutory intentional tort committed by NEOCC, Corecivic, and/or Tennessee, the Plaintiff suffered great pain of mind and body, incurred financial obligations, including economic loss, lost wages, as well as other injury, damage and loss, all of which will continue into the future.

45. Plaintiffs' injuries are permanent.

## **COUNT III**
**(Negligence/Recklessness – John/Jane Does 1-10)**

46. Whipple restates and realleges each and every allegation contained above as if expressly rewritten herein.

47. John/Jane Does 1-10 owed Whipple a duty to exercise ordinary care and to maintain a reasonably safe work environment.

48. Further, John/Jane Does 1-10 owed Whipple a duty to refrain from conduct that

7

would foreseeably harm Whipple.

49. John/Jane Does 1-10 was negligent and/or reckless in that it breached the aforementioned duties owed to Whipple in that John/Jane Does 1-10 failed to follow their own safety protocols, their own policy and procedures manual, failing to adequately staff the Facility, failed to train its agents, employees, contractors and/or servants and implement appropriate safety procedures, and failed to provide appropriate safety measures.

50. As a direct and proximate cause of John/Jane Does 1-10's negligence and/or recklessness, Whipple suffered personal injuries, was required to seek medical care, suffered great pain of mind and body, incurred financial obligations, including economic loss, lost wages, as well as other injury, damage and loss, all of which will continue into the future.

51. Whipple's injuries are permanent in nature.

**WHEREFORE**, Whipple demands judgment against the Defendants NEOCC, Corecivic, Tennessee and/or John/Jane Does 1-10 jointly and severally, as follows:

    A.    Compensatory damages for Whipple, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest at the legal rate of interest from the date of the incident described above;

    B.    Punitive damages for Whipple, in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) plus interest at the legal rate of interest from the date of the accident described above;

    C.    Costs of this action; and

D.     Any other remedies this Court deems equitable and just.

Respectfully submitted,
**BETRAS KOPP, LLC**

*/s/ Frank L. Cassese*
Frank L. Cassese (0092991)
James N. Melfi (0098986)
Canfield, Ohio 44406
Telephone: (330) 746-8484
Facsimile: (330) 702-8280
Email: fcassese@bk-laws.com
       jmelfi@bk-laws.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury pursuant to Rule 38 of the Ohio Rules of Civil Procedure.

*/s/ Frank L. Cassese*
FRANK L. CASSESE
JAMES N. MELFI
*Attorneys for Plaintiff*

9

2025 CV 00316

## INSTRUCTIONS FOR SERVICE

Please serve a copy of the foregoing Complaint, along with Summons, upon the Defendants at the addresses noted in the caption, by certified mail, return receipt requested, and make return according to law, all pursuant to Civ.R. 4.1.

>                             */s/ Frank L. Cassese*
>                             FRANK L. CASSESE
>                             JAMES N. MELFI
>                             *Attorneys for Plaintiff*