PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHRONNA WHIPPLE,                    )
                                    )   CASE NO.  4:25-CV-496
                Plaintiff,          )
                                    )
        v.                          )   JUDGE BENITA Y. PEARSON
                                    )
CORECIVIC, INC., *et al.*,          )
                                    )   **ORDER**
                Defendants.         )   [Resolving ECF Nos. 6 and 10]

Plaintiff filed the present action in the Mahoning County Court of Common Pleas in February 2025.  Defendants timely removed (ECF No. 1) and filed a Motion to Dismiss.  ECF No. 6.  Plaintiff subsequently filed an Amended Complaint (ECF No. 9).  Accordingly, Defendants' Motion to Dismiss (ECF No. 6) is denied as moot.

Now pending before the Court is Defendants CoreCivic, Inc. ("CoreCivic") and CoreCivic of Tennessee, LLC's ("CoreCivic Tennessee") Motion to Dismiss the Amended Complaint.  ECF No. 10.  The motion is fully briefed.  ECF No. 13; ECF No. 14.  The Court has been duly advised, having reviewed the parties' briefs and applicable law.  For the following reasons, the Motion to Dismiss (ECF No. 10) is granted.

I.      FACTUAL ALLEGATIONS

Plaintiff Shronna Whipple was previously employed by Defendants as a correctional officer at the Northeast Ohio Correctional Center ("NEOCC") and responsible for supervising inmates.  ECF No. 9, ¶¶ 13–14.  She alleges that NEOCC operated with inadequate staff support

(4:25CV496)

despite numerous reports and findings by the Correctional Institution Inspection Committee ("CIIC") concerning staff safety concerns.  ECF No. 9, ₱₱ 15–28.

On or about February 8, 2024, Plaintiff and another female staff member were isolated with three NEOCC inmates, including Ronald Rendon-Luna.  Mr. Rendon-Luna became irate and attacked Plaintiff and the other staff member.  Plaintiff attempted to call for backup assistance, but such calls were not timely answered.  ECF No. 9, ₱₱ 31–34.  As a result of the attack, she suffered several serious injuries, including a head injury, compression fracture of the cervical spine, cerebral concussion with loss of consciousness, and a lumbar sprain.  ECF No. 9, ₱ 36.

Plaintiff brings three claims: (1) Negligence/Recklessness against Defendants CoreCivic and CoreCivic Tennessee; (2) Employer Intentional Tort against Defendants CoreCivic and CoreCivic Tennessee; and (3) Negligence/Recklessness against Jane/John Does 1–10.  ECF No. 9.  Defendants move to dismiss.  ECF No. 10.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff need

(4:25CV496)

not include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted).

A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.  When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)).  The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

## III.    DISCUSSION

### A.  Ohio Workers' Compensation Act

Under the Ohio Workers' Compensation Act (Ohio Rev. Code ch. 4123), employers are generally immune from negligence suits for injuries sustained by employees within the course

3

(4:25CV496)

and scope of their employment.  *Rose v. Univ. Hosp. Physician Servs.*, No. 21-3031, 2022 WL 8228282, at *2 (6th Cir. July 28, 2022).  Ohio law provides

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury or occupational disease, or bodily condition, received or contracted by an employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during that period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

Ohio Rev. Code § 4123.74.  Therefore, employees injured in the course of their employment are generally limited to the remedies provided for in the Ohio Workers' Compensation Act. *Spangler v. Sensory Effects Powder Sys., Inc.*, No. 3:15CV75, 2015 WL 1505766, at *2 (N.D. Ohio Apr. 1, 2015) (Katz, J.).  The Ohio legislature provides a statutory exception to employer immunity for intentional torts under Ohio Rev. Code § 2745.01.  *See Encore Indus., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 25-3076, 2025 WL 3516315, at *2 (6th Cir. Dec. 8, 2025) (citing *Rudisill v. Ford Motor Co.*, 709 F.3d 595, 601–02 (6th Cir. 2013)).  That statute provides:

> (A) In an action brought against an employer by an employee . . . for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

Ohio Rev. Code § 2745.01.

The Ohio Supreme Court requires plaintiffs asserting employer intentional tort claims to satisfy a heightened pleading standard "due to the need to deter the number of baseless claims

4

(4:25CV496)

against employers, the importance of preventing every workplace injury from being converted into an intentional tort claim, and the goal of facilitating the efficient administration of justice." *O'Connor v. Nationwide Children's Hosp.*, 219 F. Supp. 3d 673, 680 (S.D. Ohio 2016) (citing *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (Ohio 1991)).  Accordingly, such claims will be dismissed unless the plaintiff "alleges facts showing the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and despite this knowledge, still proceeded."  *Harris v. Ford Motor Co.*, No. 1:22-cv-1279, 2022 WL 7579833 at *3 (N.D. Ohio Oct. 13, 2022) (Barker, J.) (citing *Mitchell v. Lawson Milk Co.*, 532 Ohio St.3d 190, 193 (Ohio 1988)).

Mere negligence or recklessness is insufficient to maintain a claim for an intentional tort. *Jandro v. Ohio Edison Co.*, 167 F.3d 309, 313 (6th Cir. 1999); *Houdek v. TyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 497 (Ohio 2012) (quoting *Kaminski v. Metal & Wire Prods.*, 125 Ohio St.3d 250, 273–74 (Ohio 2010)).  "Even whe[n] a plaintiff establishes that his employer had knowledge of a dangerous condition, it does not necessarily follow that the employer knew that injury to its employee was certain, or substantially certain, to result."  *Ulrick v. Kunz*, 349 F. App'x 99, 102 (6th Cir. 2009) (citing *Singleton v. Ohio Concrete Resurfacing, Inc.*, 10th Dist. Franklin No. 06AP-991, 2007 WL 1219323, at *8 (Ohio Ct. App. Apr. 26, 2007)).  Liability for an intentional tort attaches only upon a showing of a "deliberate intent to injure another." *Harris*, 2022 WL 7579833, at *3 (citing *Houdek*, 134 Ohio St.3d at 497); Ohio Rev. Code § 2745.01(B).  Allegations that an accident *could* have been avoided had the employer taken certain precautions are insufficient to meet this heightened standard.  *Harris*, 2022 WL 7579833, at *3 (citing *Spangler*, 2015 WL 1505766, at *4).

5

(4:25CV496)

### B.  Plaintiff has failed to satisfy the heightened pleading requirements.

Plaintiff concedes that Defendants are immune from general negligence claims under § 4123.74.  Instead, she argues that the intentional tort exception defined in § 2745.01 applies.  ECF No. 13 at PageID #: 142.  Accordingly, Counts I, II, and III are each assessed under the heightened pleading standard for an employer intentional tort.  Each Count fails.

Ohio courts consistently find that allegations are insufficient to show deliberate intent even when an employer was aware of dangerous work conditions and failed to: (a) take action to correct those conditions; (b) adequately train or supervise employees; or (c) comply with proper safety policies and procedures.  *Meadows v. Air Craft Wheels, LLC*, 8th Dist. Cuyahoga No. 96782, 2012 WL 253344, at *5 (Ohio Ct. App. Jan. 26, 2012) (collecting cases).  In *Mitchell v. Lawson Milk Co.*, a convenience store clerk was murdered during a robbery.  Her estate brought intentional tort claims against the store because it had no security measures or training, despite knowing its employees were subject to armed robberies.  40 Ohio St.3d at 192.  The Ohio Supreme Court found dismissal under Ohio R. Civ. P. 12(B)(6)[1] was proper because "[e]ven if [the defendant] failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that [the defendant] knew that injury to its employees was certain, or substantially certain, to result."  *Id*. at 193–93.

In another case, a nonteaching assistant was assaulted by two students after she was reassigned—without first receiving proper training—to a classroom for disabled students known for aggressive and violent behavior.  *Cain v. Field Loc. Sch. Dis. Bd. of Educ.*, 11th Dist. Portage No. 2012-P-0127, 2013 WL 1557436, at *1 (Ohio Ct. App. Apr. 15, 2013).  Relying on *Lawson*,

---

[1] Ohio R. Civ. P. 12(B)(6) is functionally indistinguishable from Fed. R. Civ. P. 12(b)(6).

6

(4:25CV496)

the appellate court concluded that placing employees in dangerous situations without training is, by itself, insufficient to constitute an employer intentional tort.  *Id*. at *4.

The Sixth Circuit has similarly held that the existence of a dangerous situation (and an employer's failure to address that situation) is insufficient to satisfy the deliberate intent requirement.  *Ulrick v. Kunz*, 349 F. App'x 99 (6th Cir. 2009).  In *Ulrick*, the plaintiff was assaulted by a foreman involved in three earlier confrontations with other workers.  *Id*. at 100–01.  Affirming summary judgment for the defendant, the Sixth Circuit held the employer's knowledge about the foreman's past conduct did not demonstrate it was "substantially certain" that the foreman would physically attack any employee.  *Id*. at 103.

In this case, Plaintiff argues that she has sufficiently pled facts demonstrating Defendants' "negligent/reckless" conduct.  ECF No. 13 at PageID #143–44.  As noted above, negligent or reckless conduct is insufficient demonstrate an intentional tort.  *See Jandro*, 167 F.3d at 313; *Houdek*, 134 Ohio St.3d at 497; *Kaminski*, 125 Ohio St.3d at 273–74.  Plaintiff points to: (a) Defendants' purported knowledge, and disregard, of persistent and well-documented safety concerns at NEOCC; (b) CIIC reports from 2022 and 2023 noting safety deficiencies and heightened threats against correctional officers; and (c) staffing decisions that left correctional officers vulnerable and unsupervised, in direct violation of NEOCC policy.  ECF No. 9, ¶¶ 14–30.  Even when construed as true, these allegations fall short of demonstrating with required specificity a deliberate intent to injury Plaintiff.  Indeed, Plaintiff's broad references to CIIC safety concerns, nonspecific procedure deficiencies, and general policy violations regarding staffing issues and training are not enough.  The alleged failure to address staffing and safety issues at NEOCC does not necessarily indicate Defendants were certain or

(4:25CV496)

"substantially certain" Plaintiff or any other NEOCC employee would be injured.  Plaintiff's allegations are insufficient to satisfy the deliberate intent requirement.[2]

Accordingly, Counts I, II, and III are dismissed.

### IV.  CONCLUSION

For the reasons above, Defendants' Motion to Dismiss the Amended Complaint (ECF No. 10) is granted.  Defendants' Motion to Dismiss the (earlier filed) Complaint (ECF No. 6) is denied as moot by operations of Plaintiff's Amended Complaint (ECF No. 9).

IT IS SO ORDERED.

March 9, 2026                                               /s/ Benita Y. Pearson
Date                                                             Benita Y. Pearson
                                                                     United States District Judge

---

[2] Plaintiff has not moved for leave to file a second amended complaint under Fed. R. Civ. P. 15.  Although, leave to amend is generally freely given, "Plaintiffs are not entitled to a directive from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Below v. Cargill, Inc.*, No. 3:25-cv-360, 2025 WL 2097758, at *5 (N.D. Ohio July 25, 2025) (Knepp, J.) (quoting *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2019)).  Plaintiff has been cognizant of her Amended Complaint's deficiencies since at least June 10, 2025, evinced by the parties' pre-motion conference.  ECF No. 10 at PageID #: 103.